CONNOR (Case No. 3,118) [6 Fed. Cas. page 312]

---

CONNOLLY (GRISWOLD v.). See Case No. 5,833.

---

## Case No. 3,118.

### In re CONNOR et al.

[1 Lowell, 532.] [1]

District Court, D. Massachusetts. Jan., 1871.

MORTGAGE BY BANKRUPT — PROOF OF DEBT BY PREFERRED CREDITOR—ABANDONMENT OF SECURITY.

1. A mortgage given by a trader under circumstances which make it a preference, will not be made valid by the existence of a general oral understanding, entered into when the debt was contracted, to give security when required.

2. If a preferred creditor abandons his security, and is admitted to prove his debt under section 23 [of the bankrupt act of 1867 (14 Stat. 528)], the preference is condoned and cannot be set up in bar of the bankrupt's discharge.

In bankruptcy. The facts in this case were that the bankrupts, retail dealers in trimmings, &c., borrowed several sums of money of one Sanborn, in June, July, October, and November, 1869, and gave their notes payable on demand, with an oral agreement that they would give a mortgage of their stock, if requested. On the 21st of December, Sanborn became alarmed by what he heard of the failure of other persons in the same trade with the bankrupts, and demanded his money, and not being able to obtain it, insisted on the mortgage, which was given. About a month afterwards, the defendants filed their petition in bankruptcy. The stock came into the possession of the assignee, who applied to the court for leave to sell it, and hold the proceeds until the validity of the mortgage should be ascertained; and to this the mortgagee assented. Sanborn was afterwards applied to by Connor to give up his security and come in as a creditor, on the ground that it would help him with his creditors, and this he did on receiving a promise of indemnity from Connor's father. A majority in value of the creditors, including Sanborn, assented to the discharge, which was opposed by a dissenting creditor on the ground of a fraudulent preference having been given to Sanborn by the mortgage.

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

T. F. Nutter and J. O. Teele, for creditor, cited Blodgett v. Hildreth, 11 Cush. 311.

Asa Wellington, for bankrupts. This was no preference, (1) because not voluntary, and (2) because given in pursuance of a valid promise.

LOWELL, District Judge. It has not been contended that the defendants were not insolvent on the twenty-first of December, and under such circumstances a mortgage of the whole stock to secure a pre-existing debt is prima facie a preference. By our law it is no sufficient answer that an oral agreement to give security at some indefinite future period, if demanded, was made at the time the debt was contracted. Such an agreement, resting only in oral contract, without possession of the property or any such circumstances as would create a legal or equitable lien, cannot be enforced against the assignees after bankruptcy, nor make a conveyance before bankruptcy but after insolvency legal, which would otherwise be a preference. I have always held that it would be too dangerous to permit such a contract to be carried into effect after the debtor had become insolvent, and feared that he might be obliged to fail. Such a promise really amounts to little more than an agreement to give a preference if occasion should arise for it. In charging the jury I have always guarded my ruling on this point by the qualification that if it was fairly and really one transaction, the creditor should not be injured by the insolvency of the debtor, occurring or ascertained after the creditor's part of the contract had been carried out by advancing the money. Nor does the pressure of the creditor relieve the transaction of the character of a preference. Both these points have been repeatedly ruled by me; and they were so adjudged under the last bankrupt act. In the case of Charles Maynard, in bankruptcy in this court in September, 1842, Mr. Justice Story, in answer to certain questions duly certified under the bankrupt act of 1841, decided that it was wholly immaterial whether the mortgage was voluntary and spontaneous on the part of the mortgagor, or was given upon the request or demand of the mortgagee, or upon a verbal promise made in general terms, when the debt was contracted, to give security upon request, if at the time of giving the mortgage the mortgagor knew that he was insolvent and could not continue his business, and intended to give the mortgagee a priority over the other creditors. See Arnold v. Maynard [Case No. 561].

But our law permits a creditor who has received a preference, to surrender the property or money to the assignee, without suit, and to prove his debt, share in the dividend, and exercise all the rights of a general creditor. Section 23. This mortgagee adopted that course. It may be said that the as-

signees were put to the trouble of petitioning the court. But it is evident that the assignees themselves did not regard this as any fault or obstruction on the part of the mortgagee, for he has proved his debt without objection. In this state of the case, does the law require me to refuse the debtor his discharge? Section 29 says that a bankrupt who has given a fraudulent preference, shall not receive the benefit of the act. And in Massachusetts it was held in a case entirely analogous to this, that giving up the security would not avail the insolvent. Blodgett v. Hildreth, 11 Cush. 311. But the statute of that state in the section corresponding with section 23 of the bankrupt law, gave no right of repentance to the preferred creditor, but prohibited him from proving his debt in any event. Our act appears to be intended to hold out an inducement to such repentance; and this case shows that the supposed interests of the debtor may be brought in aid of that purpose, for it was through his friends that the arrangement was brought about. There is no evidence, indeed, that these objecting creditors were informed of the understanding which must have existed in respect to the operation of this surrender, or that they are in any way estopped. The question is simply of the law in such a case. I am of opinion that section 29 ought to be construed with reference to section 23, and that where under the latter section a preference has been fully condoned, so far as the preferred creditor is concerned, and the general creditors have been restored to the position they would have occupied if there had been no preference, the law does not intend the preference to be regarded as still subsisting against the bankrupt. The general creditors are not technically estopped, because they have no choice but to accept the surrender, but they have received a dividend out of this very property, in accordance with the policy of the law, which condones the fault of the preferred creditor, in consideration of his voluntary action, and I cannot think the law intended to give to him who is usually the active party to the technical fraud, and the only one benefited by it, all the advantages of the repentance, and withhold them from the other party. There are a great many doubtful cases in which an intent to prefer can only be presumed or inferred, and that somewhat violently, and there are many others in which there is not only no moral fraud, but even a strong moral obligation to pay the particular debt. The policy of the law appears to be to hold out a motive for the prompt settlement of all cases of this kind in favor of the general creditors, by forgiving mere preferences, when voluntarily abandoned, even after bankruptcy. In this forgiveness, the bankrupt, as it seems to me, may share; and he may lawfully reply to these specifications, that there was no preference such as section 29 contemplates, but only an attempted preference, abandoned before it was too late. A preference is the

payment or security of a just debt, which becomes voidable only when bankruptcy intervenes within a few months. Now the legal effect of section 23 is to extend the time, and permit a voluntary rescission of the voidable agreement, or the refunding of the voidable payment, even after the general rights of all parties are fixed by the filing of the petition. Whether this rule would hold if it were proved that the parties intended to defraud the general creditors unless they were found out, I do not decide. Discharge granted.