J. E. TORRANCE, *as Trustee, etc.*, v. THE WINFIELD NATIONAL BANK.

No. 12,894.   (71 Pac. 235.)

SYLLABUS BY THE COURT.

1. BANKRUPTCY— *Preferential Payment.* An agreement made, while negotiating for a loan, to make repayment out of a certain fund, or the proceeds of a particular enterprise, does not create a lien on the fund or the proceeds of the enterprise, and, where repayment is made out of the designated fund within four months of proceedings in bankruptcy, such payment shall be deemed to be preferential and voidable at the suit of a trustee.

2. PRACTICE, SUPREME COURT — *Judgment on Separate Defenses Reversed.* Where two separate defenses are made in an action, and the court at the trial erroneously admits and considers evidence of one defense and renders a general judgment for the defendant, and this court is unable to say that the judgment is not based on the evidence so erroneously admitted, the cause will be reversed, notwithstanding there may be sufficient evidence properly admitted to establish the other defense.

12—66 KAN.

Error from Cowley district court; WILLIAM T. Mc-BRIDE, judge.    Opinion filed January 10, 1903.    Reversed.

*G. H. Buckman*, for plaintiff in error.
*James McDermott*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. :  J. E. Torrance, as trustee of the estate of W. W. Lockwood, a bankrupt, sought to recover from the Winfield National Bank the sum of $1403, as a preferred payment made within four months of the proceedings in bankruptcy.

Lockwood, a contractor and builder, had a contract to build a grain elevator in the city of Hutchinson, and, being desirous of negotiating a loan to assist him in performing his contract, made application to the bank. On the 27th of May, 1899, it was agreed that the bank would loan him money from time to time upon condition that it be repaid from the receipts arising from the building of the elevator.    Relying solely upon the oral promise of Lockwood, the bank advanced money from time to time until the receipt of the draft, the proceeds of which are the subject of this litigation. In August, 1899, a draft for $1403 was sent by the Hutchinson parties, through the bank, payable to Lockwood.    Lockwood indorsed the draft and the bank applied it on his debt, within four months of the bankruptcy proceeding.

The defendant in error contends that Lockwood agreed, before the bank made the loans, that the money received from the erection of the Hutchinson elevator should be applied to the payment of the bank, and that this made it a sort of trust fund, or that, by

reason of the agreement, the bank had some particular lien on this fund. It may be mentioned that Lockwood denied the agreement, and denied that the bank received and applied the proceeds of the draft with his consent. The judgment of the court below being in favor of the bank, we will assume that the transaction was as claimed by it.

The bank also made the defense that, at the time the payment was made, Lockwood was not insolvent, or, if he was, that the bank did not know it, and had no reasonable grounds to believe that the payment was intended to be preferential.

The plaintiff made timely and proper objections to the introduction of evidence to prove the contract relied on by the bank to establish its supposed lien. The objections were overruled and proper exceptions saved. It is contended that this evidence was not admissible ; that it did not establish a lien on the money or any right in the bank to the money as against the trustee.

The exact question is, Will an agreement made when a debt is created, to make payment out of money to be derived from a designated enterprise, create a lien on such fund in favor of the creditor as against a trustee in bankruptcy ? Section 67a of the bankruptcy law of 1898 ( U. S. Stat. at L. 1897–'99), reads :

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

This seems to have application, but is against the contention of the bank. It contemplates claims which, for want of record, or other reasons, are not valid liens as against the claims of other creditors of the bankrupt, and declares that such shall not be liens

against the estate.    What valid lien did the bank have on the debt due Lockwood from the Hutchinson people that would have protected it from other creditors of Lockwood ?

Our attention is called to the case of *Sabin v. Camp*, 98 Fed. (C. C.) 974, as supporting the contention of the bank.    In that case the Colby company negotiated with Camp for a loan of $5000 to enable it to secure a lease and furnish a *cafe*.    It was agreed that, in case of default of payment, Camp should be entitled to the possession of the *cafe* and furniture as security, and, if payment was not made, Camp had an option to purchase the furniture at a present stipulated price and the right to lease the *cafe*.    Prior to the bankruptcy proceedings default was made and Camp took possession.    After proceedings in bankruptcy Camp exercised his right of option, purchased the furniture and leased the *cafe*, paying to the Colby company the difference.    The trustee adopted the sale and sought to recover the purchase-price as a preferential payment made to Camp by the Colby company.    The agreement for possession having been made at the time of the loan, although possession was not taken until within four months of the bankruptcy proceedings, the court held that Camp was protected.

One distinction between that case and the present one is that Camp contracted for a lien, while here the bank only contracted for payment out of a particular fund.    We doubt, however, the soundness of that decision.    Until Camp took possession of the property he had no lien on it.    As against him, the property was subject to execution or attachment in favor of other creditors of the Colby company.    Camp's executory contract was not, therefore, a valid lien, as against the claim of other creditors, and falls clearly

within section 67a of the bankruptcy law, which appears to have been overlooked by the learned judge who wrote the opinion. The statute makes no exceptions in favor of payment made or security given within the four months pursuant to a previous agreement, but declares all preferential transfers made within that time voidable. There is no provision in the statute protecting executory contracts for security.

This question has quite frequently been before the courts under previous bankruptcy acts, as well as under state insolvent laws, and, while these statutes differed from one another and from the present bankrupt law, there was no material difference between them and the present law on this question. It has been generally·held that an agreement made when a debt is created to give security, but not consummated until within the period excluding preferences, is voidable by the trustee as preferential. . In *Re Connor and Hart*, 1 Low. 532, 6 Fed. Cas. 312, it was said :

"By our law it is no sufficient answer that an oral agreement to give security at some indefinite future period, if demanded, was made at the time the debt was contracted. Such an agreement, resting only in oral contract, without possession of the property or any such circumstances as would create a legal or equitable lien, cannot be enforced against the assignees after bankruptcy, nor make a conveyance before bankruptcy but after insolvency legal, which would otherwise be a preference."

In *Forbes v. Howe*, 102 Mass. 427, 3 Am. Rep. 475, it was said :

"A mortgage given by an insolvent debtor to secure advances previously made is not purged of its character as an unlawful preference because it was given in pursuance of an agreement on which the advances had been made ; nor because the debtor was induced to give it by the hope of obtaining further credit or

means for the continuance of his business; nor because it was intended to make up security which had been reduced by the sale, with the consent of the mortgagee, of property included in a previous mortgage to him, under an understanding that new security should be given.''

In the case of *In re Sheridan et al.*, 98 Fed. (D. C.) 406, the court said:

''An agreement to pledge personal property as security for a debt is not executed where the goods are not delivered to the creditor, nor set apart and treated as his property; and, where the creditor takes possession of the property a few days before the filing of a petition in bankruptcy against the debtor, the transaction is voidable as a preference, notwithstanding that the original agreement was made more than four months before that time.''

If the bank had no lien upon this fund, it follows that it was prejudicial error for the court to try the cause upon the theory that it had acquired such lien.

The defendant contends, however, notwithstanding an adverse decision upon this question, that the judgment of the court below should be affirmed on its second defense; that the court, in finding generally for the defendant, must have found that Lockwood was not insolvent when he indorsed the draft to the bank and did not intend such preference, or, if he was insolvent and intended to make a preferential payment, that the bank did not know it, and had no reasonable cause to believe it was so intended. If this had been the only defense in the case, or if the court had decided the case upon this point, the contention would be well taken. Since, however, there was another defense which the court erroneously allowed to be made, how can this court determine whether the judgment was upon the erroneous defense or the one that was rightfully made?

Because of this error and the uncertainty upon which defense the court rendered judgment, the judgment must be reversed and the cause remanded for another trial.

All the Justices concurring.

POLLOCK, J., not sitting.